**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Taylor Ave Management Inc.** | |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **47-1843223** | |

4. **Debtor's address**

**Principal place of business**

**5308 13th Ave**
**Ste 248**
**Brooklyn, NY 11219-3804**
Number, Street, City, State & ZIP Code

**Kings**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

**533 Taylor Ave Bronx, NY 10473-3621**
Number, Street, City, State & ZIP Code

5. **Debtor's website** (URL) _____

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Taylor Ave Management Inc.** | Case number (*if known*) | |
| | Name | | |

**7.    Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

\_\_\_\_\_

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.    Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| Debtor | _____ | | Relationship | _____ |
| District | _____ | When _____ | Case number, if known | _____ |

Debtor    __Taylor Ave Management Inc._____    Case number (if known) _____
        Name

---

**11. Why is the case filed in** *this district?*

Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                 Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

         Contact name _____

         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | Taylor Ave Management Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **November 6, 2016**
                         MM / DD / YYYY

X _____            **Sanford Solny**
Signature of authorized representative of debtor       Printed name

Title    **Owner**

**18. Signature of attorney**

X _____            Date **November 6, 2016**
Signature of attorney for debtor                              MM / DD / YYYY

**Eric H. Horn**
Printed name

**Vogel Bach & Horn PC**
Firm name

**1441 Broadway 5031**
**New York, NY 10018**
Number, Street, City, State & ZIP Code

Contact phone _____    Email address    **ehorn@vogelbachpc.com**

**4066395**
Bar number and State

ACTION BY WRITTEN CONSENT
OF THE
BOARD OF DIRECTORS
OF
TAYLOR AVE MANAGEMENT INC.
November 4, 2016

The undersigned, having full authority of the board of directors (the "*Board*") of Taylor Ave Management Inc. (the "*Company*"), hereby consents to the following actions and adopts the following resolutions as of the date hereof:

WHEREAS, the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof; and

WHEREAS, the Board has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*").

NOW, THEREFORE, IT IS:

RESOLVED that, in the judgment of the Board, having reviewed and considered the financial condition of the Company and the Company's business on the date hereof, that it is desirable and in the best interests of the Company, and its creditors, and other interested parties, that a voluntary petition be filed by the Company under the provisions of Chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*");

RESOLVED FURTHER that Sanford Solny and such other officers or persons as as are authorized (each, an "*Officer*" and collectively, the "*Officers*") be, and each are, authorized and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other papers or documents with the appropriate court under the Bankruptcy Code and to take any and all action that they deem necessary, proper, or advisable to obtain such relief under the Bankruptcy Code, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

RESOLVED FURTHER that the law firm of Vogel Bach & Horn, LLP be employed as counsel to the Company to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including, the preparation of pleadings and filings in connection with the Chapter 11 Case, the Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain services of Vogel Bach & Horn, LLP;

**RESOLVED FURTHER**, that the Officers are, and any one of them acting alone is, hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take such additional actions, to perform all acts and deed, and to execute, ratify, certify, deliver, file, and record such additional agreements, notices, certificates, instruments, applications, payments, letters and documents as any of them may deem necessary or advisable to implement the provisions of the foregoing resolutions, and to appoint such agents on behalf of the Company as such Officers, and any of them, may deem necessary or advisable in connection with any financing arrangement or the sale of assets, and the transactions contemplated by any of the foregoing, the authority for the taking of such action to be conclusive evidence thereof;

**RESOLVED FURTHER**, that all of the acts and transactions taken by the Officers in the name and on behalf of the Company, relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified; and

**RESOLVED FURTHER** that this written consent may be executed in any number of counterparts and by facsimile, portable document format, or other reproduction, and such execution shall be considered valid, binding, and effective for all purposes.

*[Signature Page Follows]*

2

IN WITNESS WHEREOF, the undersigned has executed this written consent as of the date first written above.

TAYLOR AVE MANAGEMENT INC.

By: _____

Name: Sanford Solny

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2014091600592001001E866E

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

**Document ID:** 2014091600592001
**Document Type:** DEED
**Document Page Count:** 3

**Document Date:** 09-07-2014  **Preparation Date:** 09-16-2014

| PRESENTER: | RETURN TO: |
|---|---|
| TAYLOR AVE MANAGEMENT INC. <br> POB 190313 <br> BROOKLYN, NY 11219 <br> 347-533-7990 <br> ATOZMANAGEMENTCORP@GMAIL.COM | TAYLOR AVE MANAGEMENT INC. <br> POB 190313 <br> BROOKLYN, NY 11219 <br> 347-533-7990 <br> ATOZMANAGEMENTCORP@GMAIL.COM |

**PROPERTY DATA**

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BRONX | 3522 | 163 | Entire Lot | | 533 TAYLOR AVENUE |

**Property Type:** DWELLING ONLY - 3 FAMILY

**CROSS REFERENCE DATA**

CRFN_____ or DocumentID_____ or _____ Year____ Reel___ Page____ or File Number_____

**PARTIES**

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| DELFINA V. ADOLF <br> 533 TAYLOR AVENUE <br> BRONX, NY 10473 | TAYLOR AVE MANAGEMENT INC. <br> POB 190313 <br> BROOKLYN, NY 11219 |

☒ Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ | 62.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

— Bargain and Sale Deed, with Covenant against Grantor's Acts — Individual or Corporation (Single Sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 7 day of ~~June~~ September, in the year 2014

**BETWEEN** Delfina V. Adolf and Josefina Cruz, Residing at 533 Taylor Avenue Bronx NY 10473

party of the first part, and Taylor Ave Management Inc., a domestic Corporation with offices located
POB 190313 Brooklyn NY 11219
party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of

xxxxxxxxxxxxxxxxxxxxx ten ($10) dollars and other valuable consideration xxxxxxxxx dollars
paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors
and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being
in the

See Schedule "A" - Legal Description - attached hereto

For Informational Purposes Only:     533 Taylor Avenue Bronx NY 10473
                                      Block 3522  Lot 163

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads
abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and
rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the
party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said
premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will
receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied
first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the
improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it
read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

_____

                                      Delfina V. Adolf

                                    X _____
                                      Josefina Cruz

**ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE**

State of New York, County of Kings, ss:

On the 7 day of September in the year 2014, before me, the undersigned, personally appeared Delfina V. Adolf , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**YISROEL STEINBERG**
**Notary Public, State of New York**
**No. 01ST6223301**
**Qualified in Kings County**
**Commission Expires June 7, 2018** \9

**ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE**

State of New York, County of , ss:

On the 11 day of September in the year 2014 , before me, the undersigned, personally appeared Josefina Cruz , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**YISROEL STEINBERG**
**Notary Public, State of New York**
**No. 01ST6223301**
**Qualified in Kings County**
**Commission Expires June 7, 2018** \9

**ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE**

State of New York, County of , ss:

On the day of in the year , before me, the undersigned, a Notary Public in and for said State, personally appeared , the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

(If the place of residence is in a city, include the street and street number if any, thereof); that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto

**ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE**

*State of , County of , ss:
*(Or insert District of Columbia, Territory, Possession or Foreign County)

On the day of in the year , before me the undersigned personally appeared

Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the

(add the city or political subdivision and the state or country or other place the acknowledgement was taken).

## Bargain and Sale Deed
## With Covenants

Title No.

Delfina V. Adolf and Josefina Cruz
TO
Taylor Ave Management Inc.

SECTION:

BLOCK: 3522

LOT: 163

COUNTY OR TOWN: Bronx

**DISTRIBUTED BY**

**YOUR TITLE EXPERTS**
**The Judicial Title Insurance Agency LLC**
**800-281-TITLE (8485) FAX: 800-FAX-9396**

**RETURN BY MAIL TO:**

Taylor Ave Management Inc..
POB 190313
Brooklyn NY 11219

## Schedule A Description

Title Number #                                                    Page 1

ALL that certain plot, piece or parcel of land situate lying and being in the Borough and County of Bronx, City and State of New York, and known and designated as and by the Lot Numbers 440 and 441 on a certain map entitled, "Map of 476 lots being the property of Sound View Land and Improvement Co., located on Sound View Avenue, Beach Avenue, Lacombe Avenue, O'Brien Avenue, and on adjacent and intersecting avenues, Borough of the Bronx, City of New York", made by George C. Hoffarth, dated February 18th, 1822, and filed in the Office of the Register of the County of Bronx, on April 17th, 1822 and known as Map Number 570, bounded and described as follow:-

BEGINNING at a point on the Westerly side of Taylor Avenue distant 300 feet Northerly from the corner formed by the intersection of the Northerly side of Lacombe Avenue and the Westerly side of Taylor Avenue;

RUNNING THENCE Westerly at right angles to Taylor Avenue, 100 feet;

THENCE Northerly at a right angle, 25 feet;

THENCE Easterly at a right angle and part of the distance through a party wall, 100 feet to the Westerly side of Taylor Avenue;

THENCE Southerly along the Westerly side of Taylor Avenue, 25 feet to the point or place of BEGINNING.

Said Premises Being Known as: 533 Taylor Avenue, Bronx, New York

**VOGEL BACH & HORN, LLP**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
Shirin Movahed, Esq.
1441 Broadway, 5th Floor
New York, New York 10018
Tel. (212) 242-8350
Fax (646) 607-2075

*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Taylor Ave Management Inc.,<br><br>               Debtor. | Chapter 11<br><br>Case No. |

**DECLARATION OF SANFORD SOLNY PURSUANT**
**TO LOCAL BANKRUPTCY RULE 1007-2**

1.    I, Sanford Solny, am an officer and 100% equity owner of the above debtor and debtor-in-possession (the "***Debtor***"), a New York Corporation with offices at 5308 13th Avenue, Suite 248, Brooklyn, New York 11219. This declaration is submitted by the Debtor pursuant to the Local Rules of this Court, in connection with filing of a Chapter 11 case by the above Debtor.

2.    The Debtor is in the business of owning a certain property located at 533 Taylor Avenue, Bronx, NY 10473 (the "***Property***"). The Property contains three-family residential units, one of which is currently vacant. The tenant payments yield the Debtor approximately $3,426 per month. One unit is in arrears in the amount of $14,127.61 and the other $5,271.00.

Once the Debtor is able to rent the vacant unit at around $1,500 per month, such will yield the Debtor approximately $4,926 per month.

    3.      The Property was purchased by the Debtor in or around September 7, 2014. The Property is the subject of a foreclosure action pending in the Bronx County Supreme Court titled *Wells Fargo Bank, N.A. v. Adolf Delfina and Josefina Cruz*, under Index No. 382088/10. where a judgment was entered. The auction of the Property is currently scheduled for Monday, November 7, 2016.

    4.      Currently the lender asserts that there is approximately $927,000 owing to it. This chapter 11 filing was necessary to thwart a "fire sale" sale process, which may result in a loss of any equity that the Debtor may have in the Property. While it is unclear at this juncture the amount of equity, if any, a fire sale process will eliminate any possible value that may inure to the benefit of the debtor and its other creditors. During this chapter 11, the Debtor intends to either negotiate a structured payout with the lender pursuant to a plan of reorganization or sell the property in an organized non-fire sale process which will ensure the highest and best value.

    5.      Pursuant to rule 1007-2(a)(4) of the Local Bankruptcy Rules annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors, excluding insiders.

    6.      Pursuant to Rule 1007-2(a)(5) of the Local Bankruptcy Rules, annexed hereto as **Exhibit "2"** is a list containing the names of the holders of the Debtor's five (5) largest secured creditors.

    7.      Pursuant to Rule 1007-2(a)(6) of the Local Bankruptcy Rules annexed hereto as

**Exhibit "3"** is an internal estimate of the Debtor's assets and liabilities.

8.      The Debtor is a corporation. The Debtor has no publicly held securities.

9.      The Debtor's office is located at P.O. Box 190313, Brooklyn, New York 11219.

10.     The Debtor's substantial assets consist of the Property. The Debtor's books and records are located at 5308 13th Avenue, Brooklyn, New York 11219. The Debtor's books and records are in control of the Debtor and the company that manages the Property – A to Z Management Corp.

11.     As noted supra, the Property is the subject of a mortgage foreclosure proceeding in the Supreme Court of the State of New York, County of Bronx. To the best of my knowledge, the Debtor is not a party to any other litigation.

12.     I am the Debtor's President and I handle, with the assistance of the Management Company, the Debtor's day-to-day affairs. The Debtor has no employees. The Debtor has no payroll.

13.     The Debtor does not propose to make any payments to the Debtor's officers, stockholders and directors for the 30-day period following the filing of the Chapter 11 petition.

14.     In the next 30 days, the Debtor expects to collect approximately $3,426 and disburse approximately $1,000.

15.     The Debtor intends to operate and manage its business and property pursuant to the provisions of Chapter 11 of Title 11 of the United States Code.

-3-

16.     The Debtor believes that under the aegis of the Bankruptcy Court, it will be able to restructure its business for the benefit of all constituents.

Under penalty of perjury, I affirm that the facts set forth herein are accurate to the best of my knowledge.

Dated: November 4, 2016

Sanford Solny

**EXHIBIT 1**

**DEBTOR'S TOP 20 UNSECURED CREDITORS**

Fill in this information to identify the case:

Debtor name **Taylor Ave Management Inc.**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Con Ed 4 Irving Pl Rm 700 New York, NY 10003-3502 | Attn: Bankruptcy Dept | | Disputed | | | $3,000.00 |
| Domingo Fernandez 756 Calhoun Ave Bronx, NY 10465-2403 | | | | | | $9,000.00 |
| Jeffrey Edelman, Esq. 200 Schermerhorn St Brooklyn, NY 11201-5889 | | | | | | $1,300.00 |
| Wells Fargo Bank, NA 420 Montgomery St San Francisco, CA 94104-1207 | | | Disputed | $927,699.32 | $0.00 | $927,699.32 |
| Yisroel Solny 1561 Pine Park Ave Lakewood, NJ 08701 | | | | | | $19,000.00 |

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

## EXHIBIT 2

### DEBTOR'S 5 LARGEST SECURED CREDITORS

Wells Fargo Bank N.A.                                    $927,000
420 Montgomery St
San Francisco, CA 94104-1207

-6-

**EXHIBIT 3**

## SUMMARY OF ESTIMATED ASSETS AND LIABILITIES

### ASSETS

| | |
|---|---|
| Real Estate | $1,000,000 |
| AR | $19,399 |
| **Total Assets** | **$1,019,399** |

### LIABILITIES

| | |
|---|---|
| Mortgage Loan Payable | $927,000 |
| Trade Debt | $32,300 (Estimated) |
| **Total Liabilities** | **$959,300** |

**CORPORATE OWNERSHIP STATEMENT
OF
TAYLOR AVE MANAGEMENT INC.**

No corporation directly or indirectly owns 10% or more of any class of the Debtor's equity interests.

Dated: November 4, 2016

By: _____
Sanford Solny

| Fill in this information to identify the case: | | |
| --- | --- | --- |
| Debtor name | **Taylor Ave Management Inc.** | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION | |
| Case number (if known) | | ☐ Check if this is an amended filing |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property*(Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property*(Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases*(Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  *Amended Schedule* _____
☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **November 6, 2016**        X _____
                                            Signature of individual signing on behalf of debtor

                                            **Sanford Solny**
                                            Printed name

                                            **Owner**
                                            Position or relationship to debtor

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Taylor Ave Management Inc.** |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Con Ed**<br>**4 Irving Pl Rm 700**<br>**New York, NY**<br>**10003-3502** | **Attn: Bankruptcy Dep't** | | **Disputed** | | | **$3,000.00** |
| **Domingo Fernandez**<br>**756 Calhoun Ave**<br>**Bronx, NY**<br>**10465-2403** | | | | | | **$9,000.00** |
| **Jeffrey Edelman, Esq.**<br>**200 Schermerhorn St**<br>**Brooklyn, NY**<br>**11201-5889** | | | | | | **$1,300.00** |
| **Wells Fargo Bank, NA**<br>**420 Montgomery St**<br>**San Francisco, CA**<br>**94104-1207** | | | **Disputed** | **$927,699.32** | **$0.00** | **$927,699.32** |
| **Yisroel Solny**<br>**1561 Pine Park Ave**<br>**Lakewood, NJ**<br>**08701** | | | | | | **$19,000.00** |

**Fill in this information to identify the case:**

Debtor name     **Taylor Ave Management Inc.**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION

Case number (if known)     _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

**Part 1:     Summary of Assets**

1.  *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*............................................................................     $ _____ **1,000,000.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*..........................................................................     $ _____ **19,398.61**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*............................................................................     $ _____ **1,019,398.61**

**Part 2:     Summary of Liabilities**

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A *Amount of claim,* from line 3 of *Schedule D*....................     $ _____ **927,699.32**

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*.............................................     $ _____ **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............ ....................     +$ _____ **32,300.00**

4.  **Total liabilities** .......................................................................................
    Lines 2 + 3a + 3b     $ _____ **959,999.32**

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Taylor Ave Management Inc.** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION |
| Case number(if known) | |

☐ Check if this is an amended filing

## Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property
**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* **(Official Form 206G).**

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    Cash and cash equivalents**

**1. Does the debtor have any cash or cash equivalents?**

■ No.  Go to Part 2.
☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**Part 2:    Deposits and Prepayments**

**6. Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

**Part 3:    Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
■ Yes Fill in the information below.

| 11. | Accounts receivable | | | | |
|---|---|---|---|---|---|
| | 11a. 90 days old or less: | **19,398.61** | - | **0.00** = .... | **$19,398.61** |
| | | face amount | | doubtful or uncollectible accounts | |

| 12. | Total of Part 3. | |
|---|---|---|
| | Current value on lines 11a + 11b = line 12.  Copy the total to line 82. | **$19,398.61** |

**Part 4:    Investments**

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:    Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

Debtor    **Taylor Ave Management Inc.**_____    Case number *(If known)* _____
                Name

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:    Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:    Real property**

**54. Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
■ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.   **533 Taylor Ave, Bronx, NY 10473-3621** | **Fee Simple** | **$1,000,000.00** | | **$1,000,000.00** |

56.    **Total of Part 9.**                                                                                           | **$1,000,000.00** |

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

57.    **Is a depreciation schedule available for any of the property listed in Part 9?**
        ■ No
        ☐ Yes

58.    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
        ■ No
        ☐ Yes

**Part 10:    Intangibles and intellectual property**

**59. Does the debtor have any interests in intangibles or intellectual property?**

Debtor    **Taylor Ave Management Inc.**                        Case number *(if known)* _____
                Name

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No.  Go to Part 12.
☐ Yes Fill in the information below.

Official Form 206A/B
Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com
                    Schedule A/B Assets - Real and Personal Property

page 3

Debtor    **Taylor Ave Management Inc.**                                Case number *(if known)* _____
              Name

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. *Copy line 5, Part 1* | $0.00 | |
| 81. Deposits and prepayments. *Copy line 9, Part 2.* | $0.00 | |
| 82. Accounts receivable. *Copy line 12, Part 3.* | $19,398.61 | |
| 83. Investments. *Copy line 17, Part 4.* | $0.00 | |
| 84. Inventory. *Copy line 23, Part 5.* | $0.00 | |
| 85. Farming and fishing-related assets. *Copy line 33, Part 6.* | $0.00 | |
| 86. Office furniture, fixtures, and equipment; and collectibles. *Copy line 43, Part 7.* | $0.00 | |
| 87. Machinery, equipment, and vehicles. *Copy line 51, Part 8.* | $0.00 | |
| 88. Real property. *Copy line 56, Part 9* ................................................> | | $1,000,000.00 |
| 89. Intangibles and intellectual property. *Copy line 66, Part 10.* | $0.00 | |
| 90. All other assets. *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $19,398.61 | + 91b. $1,000,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $1,019,398.61 |

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Taylor Ave Management Inc.** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 206D
# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ■ Yes. Fill in all of the information below.

**Part 1:**   List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br><br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| 2.1   **Wells Fargo Bank, NA**<br>Creditor's Name | Describe debtor's property that is subject to a lien<br>_____ | **$927,699.32** | **$0.00** |
| **420 Montgomery St<br>San Francisco, CA<br>94104-1207**<br>Creditor's mailing address | _____<br><br>Describe the lien<br>_____ | | |
| | **Is the creditor an insider or related party?**<br>■ No<br>☐ Yes | | |
| _____<br>Creditor's email address, if known | **Is anyone else liable on this claim?**<br>■ No | | |
| **Date debt was incurred** | ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| **Last 4 digits of account number** | | | |
| **Do multiple creditors have an interest in the same property?**<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed | | |

3.   Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.          **$927,699.32**

**Part 2:**   List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| _____ | | |

**Fill in this information to identify the case:**

Debtor name    **Taylor Ave Management Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2
in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1.    **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☐ Yes. Go to line 2.

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3.    **List in alphabetical order all of the creditors with nonpriority unsecured claims**. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

| | | | Amount of claim |
|---|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $3,000.00 |
|---|---|---|---|
| | **Con Ed** | ☐ Contingent | |
| | | ☐ Unliquidated | |
| | 4 Irving Pl Rm 700 | ☐ Disputed | |
| | New York, NY 10003-3502 | | |
| | Date(s) debt was incurred _ | Basis for the claim: _ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $9,000.00 |
|---|---|---|---|
| | **Domingo Fernandez** | ☐ Contingent | |
| | | ☐ Unliquidated | |
| | 756 Calhoun Ave | ☐ Disputed | |
| | Bronx, NY 10465-2403 | | |
| | Date(s) debt was incurred _ | Basis for the claim: _ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,300.00 |
|---|---|---|---|
| | **Jeffrey Edelman, Esq.** | ☐ Contingent | |
| | | ☐ Unliquidated | |
| | 200 Schermerhorn St | ☐ Disputed | |
| | Brooklyn, NY 11201-5889 | | |
| | Date(s) debt was incurred _ | Basis for the claim: _ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $19,000.00 |
|---|---|---|---|
| | **Yisroel Solny** | ☐ Contingent | |
| | | ☐ Unliquidated | |
| | 1561 Pine Park Ave | ☐ Disputed | |
| | Lakewood, NJ 08701 | | |
| | Date(s) debt was incurred _ | Basis for the claim: _ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ☐ No ☐ Yes | |

**Part 3:    List Others to Be Notified About Unsecured Claims**

Debtor   **Taylor Ave Management Inc.**                                    Case number (if known) _____
          Name

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a.   $ | 0.00 |
| 5b. Total claims from Part 2 | 5b.  +  $ | 32,300.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c.   $ | 32,300.00 |

**Fill in this information to identify the case:**

Debtor name  **Taylor Ave Management Inc.**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION

Case number (if known)  _____

☐ Check if this is an amended filing

## Official Form 206G
# Schedule G: Executory Contracts and Unexpired Leases
12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ☑ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1. State what the contract or lease is for and the nature of the debtor's interest — **Apartment Lease** | |
| State the term remaining | Anette Santiago & Shamicka Ramirez |
| List the contract number of any government contract | 533 Taylor Ave Fl 1 |
| | Bronx, NY 10473-3621 |
| 2.2. State what the contract or lease is for and the nature of the debtor's interest — **Apartment Lease** | |
| State the term remaining | Francina Juaminez |
| List the contract number of any government contract | 533 Taylor Ave Fl 3 |
| | Bronx, NY 10473-3621 |
| 2.3. State what the contract or lease is for and the nature of the debtor's interest — **Apartment Lease** | |
| State the term remaining | Leopold Bennet |
| List the contract number of any government contract | 533 Taylor Ave Bsmt |
| | Bronx, NY 10473-3621 |

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

**Fill in this information to identify the case:**

Debtor name    **Taylor Ave Management Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name / Mailing Address | | Name | Check all schedules that apply: |
| **2.1** _____ | Street _____ / City  State  Zip Code | _____ | ☐ D ☐ E/F ☐ G |
| **2.2** _____ | Street _____ / City  State  Zip Code | _____ | ☐ D ☐ E/F ☐ G |
| **2.3** _____ | Street _____ / City  State  Zip Code | _____ | ☐ D ☐ E/F ☐ G |
| **2.4** _____ | Street _____ / City  State  Zip Code | _____ | ☐ D ☐ E/F ☐ G |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Taylor Ave Management Inc.** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **For prior year:**<br>From **1/01/2015** to **12/31/2015** | ☐ Operating a business<br><br>☐ Other _____ | **$50,000.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

| Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

Debtor   **Taylor Ave Management Inc.**                    Case number *(if known)* _____

foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.  **Wells Fargo Bank, NA v. Aldolf Delfina and Josefina Cruz**<br>**382088/10** | **Foreclosure** | **NYS Supreme, Bronx County** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

| Part 5: | Certain Losses |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

| Part 6: | Certain Payments or Transfers |
|---|---|

11. **Payments related to bankruptcy**

| Debtor | **Taylor Ave Management Inc.** | Case number *(if known)* _____ |
|---|---|---|

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Vogel Bach & Horn, LLP 1441 Broadway Fl 5 New York, NY 10018-1905** | 0.00 | | $2,500.00 |
| | Email or website address _____ | | | |
| | Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| Part 9: | Personally Identifiable Information |
|---|---|

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

Debtor   **Taylor Ave Management Inc.**                                          Case number (*if known*) _____

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

## Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

Debtor    **Taylor Ave Management Inc.** _____    Case number *(if known)* _____

Report all notices, releases, and proceedings known, regardless of when they occurred.

22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and<br>address | Nature of the case | Status of case |
|---|---|---|---|

23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. Has the debtor notified any governmental unit of any release of hazardous material?

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. Other businesses in which the debtor has or has had an interest
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| | | Dates business existed |

26. Books, records, and financial statements
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | | Date of service<br>From-To |
|---|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | | If any books of account and records are unavailable,<br>explain why |
|---|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

Name and address

Debtor   **Taylor Ave Management Inc.**                                    Case number (if known)

---

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Sanford Solny** | | **Owner** | **100%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Shandelle Solny** | | **Officer (Secretary)** | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer identification number of the parent corporation |
|---|---|

---

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and

Debtor   __Taylor Ave Management Inc.__                                    Case number *(if known)*   _____

correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __November  8, 2016__

_____         __Sanford Solny__
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor   __Owner__          _____

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**

■ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Southern District of New York, Manhattan Division

In re  **Taylor Ave Management Inc.**

Debtor(s)

Case No.

Chapter  **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☐ **FLAT FEE**

For legal services, I have agreed to accept _____ $ _____

Prior to the filing of this statement I have received _____ $ _____

Balance Due _____ $ _____

■ **RETAINER**

For legal services, I have agreed to accept and received a retainer of _____ $ **2,500.00**

The undersigned shall bill against the retainer at an hourly rate of _____ $ **225.00**
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2. The source of the compensation paid to me was:

☐ Debtor   ■ Other (specify):   **Principal of Debtor**

3. The source of compensation to be paid to me is:

■ Debtor   ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

In re    **Taylor Ave Management Inc.**                                          Case No. _____
                          Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR
### (Continuation Sheet)

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**November  6, 2016**
*Date*

**Eric H. Horn**
*Signature of Attorney*
**Vogel Bach & Horn**

**1441 Broadway**
**New York, NY 10018**

ehorn@vogelbachpc.com
*Name of law firm*

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

**United States Bankruptcy Court**
**Southern District of New York, Manhattan Division**

IN RE:                                                          Case No. _____

Taylor Ave Management Inc.                                      Chapter 11
                          _____
                                  Debtor(s)

### VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.


Date: November  6, 2016          Signature: _____

                                            Sanford Solny, Owner
                                                                              Debtor


Date: _____        Signature: _____

                                                                    Joint Debtor, if any

© 2016 CINgroup 1.866.216.1009 – CINcompass (www.cincompass.com)

Anette Santiago & Shamicka Ramirez
533 Taylor Ave Fl 1
Bronx, NY  10473-3621


Con Ed
4 Irving Pl Rm 700
New York, NY  10003-3502


Domingo Fernandez
756 Calhoun Ave
Bronx, NY  10465-2403


Francina Juaminez
533 Taylor Ave Fl 3
Bronx, NY  10473-3621


Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346


Jeffrey Edelman, Esq.
200 Schermerhorn St
Brooklyn, NY  11201-5889


Leopold Bennet
533 Taylor Ave Bsmt
Bronx, NY  10473-3621

```
New York City Water Board
5917 Junction Blvd Fl 13
Flushing, NY  11373-5188


NYC Dep't of Buildings
210 Joralemon St
Brooklyn, NY  11201-3743


NYC Dep't of Finance
Tax Audit and Enforcement Div
345 Adams St
10th, FL  11201


Wells Fargo Bank, NA
420 Montgomery St
San Francisco, CA  94104-1207


Yisroel Solny
1561 Pine Park Ave
Lakewood, NJ  08701
```